UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JAMES MARTIN,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, CAPTAIN MATOS,
CAPTAIN VASQUEZ, OFFICER NIEVES, DEPUTY
McCOVEY, JOHN DOE 1, and JOHN DOE 2,

                                  Defendants.

------------------------------------------------------------------x

**ANSWER OF THE CITY OF NEW YORK**

07 CV 2996 (AKH)

**JURY TRIAL DEMANDED**

      Defendant City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows.[1]

      1. Denies the allegations set forth in paragraph "1" of the complaint.

      2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as set forth therein.

      3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to demand a jury trial as set forth therein.

      4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

      5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

---

[1] Upon information and belief, The New York City Department of Correction, Captain Matos, Captain Vasquez, Officer Nieves and Deputy McCovey have not been properly served with a copy of the summons and complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that Captain Matos, Captain Vasquez, Officer Nieves and Deputy McCovey were employed by the City of New York as Correction Officers.

9. Denies the allegations set forth in paragraph "9," except admits that Martin F. Horn is Commissioner of the New York City Department of Correction and respectfully refer the Court to the New York City Charter for the relationship between the City and New York City Department of Correction.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint..

19. Denies the allegations set forth in paragraph "19" of the complaint, except admits that on or about April 6, 2006, a document purporting to be a Notice of Claim was received by the Comptroller's Office and that the claim has not been resolved.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "20" of this answer as if fully set forth herein..

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "35" of this answer as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "38" of this answer as if fully set forth herein.

40. Denies the allegations set forth in paragraph "41" of the complaint.

41. Denies the allegations set forth in paragraph "42" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant City repeats and realleges the responses set forth in paragraphs "1" through "46" of this answer as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

61. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and or the intervening culpable or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

62. Plaintiff has failed, in whole or in part, to comply with the conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

63. Punitive damages are not available against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

64. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

65. At all times relevant to the incident, the duties and functions of the municipal defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

66. At The New York City Department of Correction is a non-suable entity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

67. Any force utilized by any correction officer was justified and *de minimus*.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

68. Plaintiff may not have exhausted all administrative remedies available to him.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          July 26, 2007

                                        Michael A. Cardozo
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendant City of New York
                                        New York, New York 10007
                                        (212) 788-1880

                                    By: _____
                                        Craig Hanlon (CH 5679)
                                        Assistant Corporation Counsel
                                        Special Federal Litigation

To:   Arienne Jill Irving, Esq.
      Robert Simels, P.C.
      Attorney for Plaintiff
      1735 York Avenue
      Suite 35C
      New York, NY 10128

07 CV 2996 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES MARTIN,

                            Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTION, CAPTAIN MATOS, CAPTAIN VASQUEZ, OFFICER NIEVES, DEPUTY McCOVEY, JOHN DOE 1, and JOHN DOE 2,

                            Defendants.

## ANSWER OF DEFENDANT CITY OF NEW YORK

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
    *Attorney for Defendant City of New York*
*100 Church St.*
*New York, N.Y. 10007*
*Of Counsel: Craig Hanlon*
*Tel: (212) 788-1580*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ......................................., 2007.

.................................................................. *Esq.*

*Attorney for* ......................................................