UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JAMES MARTIN,

                               Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, CAPTAIN MATOS,
CAPTAIN VASQUEZ, OFFICER NIEVES, DEPUTY
McCOVEY, JOHN DOE 1, and JOHN DOE 2,

                               Defendants.

------------------------------------------------------------------------x

**ANSWER ON BEHALF OF CAPTAIN MATOS AND DEPUTY MCCOVEY**

07 CV 2996 (AKH)

**JURY TRIAL DEMANDED**

       Defendants Captain Matos and Deputy McCovey by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.[1]

       1.   Deny the allegations set forth in paragraph "1" of the complaint.

       2.   Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

       3.   Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to demand a jury trial as set forth therein.

       4.   Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

       5.   Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

---

[1] Upon information and belief, Captain Vasquez and Officer Nieves have not been properly served with a copy of the summons and complaint. Defendant City of New York submitted its answer to the complaint on July 26, 2007.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Captain Matos, Captain Vasquez, Officer Nieves and Deputy McCovey were employed by the City of New York as Correction Officers.

9. Deny the allegations set forth in paragraph "9," except admit that Martin F. Horn is Commissioner of the New York City Department of Correction and respectfully refer the Court to the New York City Charter for the relationship between the City and New York City Department of Correction.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that on or about January 16, 2006, at approximately 1:50 p.m., plaintiff was in Dorm 14 of Unit C-73 in George Motchan Detention Center on Riker's Island.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint..

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that on or about April 6, 2006, a document purporting to be a Notice of Claim was received by the Comptroller's Office and that the claim has not been resolved.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendant City repeat and reallege the responses set forth in paragraphs "1" through "20" of this answer as if fully set forth herein..

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendant City repeat and reallege the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant City repeat and reallege the responses set forth in paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant City repeat and reallege the responses set forth in paragraphs "1" through "35" of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant City repeat and reallege the responses set forth in paragraphs "1" through "38" of this answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "41" of the complaint.

41. Deny the allegations set forth in paragraph "42" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant City repeat and reallege the responses set forth in paragraphs "1" through "46" of this answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

61. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and or the intervening culpable or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

62. Plaintiff has failed, in whole or in part, to comply with the conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

63. Punitive damages are not available against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

64. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

65. At all times relevant to the incident, the duties and functions of the municipal defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

66. At The New York City Department of Correction is a non-suable entity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

67. Any force utilized by any correction officer was justified and *de minimus*.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

68. Plaintiff may not have exhausted all administrative remedies available to him.

WHEREFORE, defendants Captain Matos and Deputy McCovey request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          August 22, 2007

Michael A. Cardozo
Corporation Counsel of the City of New York
Attorney for Defendants
New York, New York 10007
(212) 788-1580

By: _____
Craig Hanlon (CH 5679)
Assistant Corporation Counsel
Special Federal Litigation

To:    Arienne Jill Irving, Esq.
       Robert Simels, P.C.
       Attorney for Plaintiff
       1735 York Avenue
       Suite 35C
       New York, NY 10128

07 CV 2996 (AKH)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JAMES MARTIN,<br><br>                                  Plaintiff,<br><br>               -against-<br><br>THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTION, CAPTAIN MATOS, CAPTAIN VASQUEZ, OFFICER NIEVES, DEPUTY McCOVEY, JOHN DOE 1, and JOHN DOE 2,<br><br>                                Defendants. |
| **ANSWER OF DEFENDANT CITY OF NEW YORK** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>    *Attorney for Defendant City of New York*<br>    *100 Church St.*<br>    *New York, N.Y. 10007*<br>    *Of Counsel: Craig Hanlon*<br>    *Tel: (212) 788-1580* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................, 2007.*<br><br>*................................................................ Esq.*<br><br>*Attorney for ........................................................* |