UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JAMES MARTIN,                                  Index No. 07-CV-2996

         Plaintiff,

-against-                                      **AMENDED COMPLAINT**

THE CITY OF NEW YORK,
NEW YORK CITY DEPARTMENT OF CORRECTION,
CAPTAIN LUIS MATOS Shield #856, CAPTAIN JOSE
VASQUEZ Shield #300, DEPUTY SAMMIE
MCCOVEY ADW#100, OFFICER VICTOR RIVERA
Shield #4337, and OFFICER KIMBERLY
GANNAWAY Shield #1027

         Defendants.
------------------------------------------------------------------X

Plaintiff, James Martin, by his attorneys, Robert M. Simels, P.C., as and for an amended complaint respectfully alleges as follows:

## NATURE OF ACTION

1. This action arises from the improper use of excessive force against plaintiff, James Martin (hereinafter "MARTIN"), who sustained various physical and emotional injuries and damages and whose constitutional rights were violated by the individual and collective actions of the defendants.

2. By this action, Plaintiff seeks to recover compensatory and punitive damages against the Defendants pursuant to 42 USC §§1983, 1988, as well as compensatory and punitive damages arising from, inter alia, Cruel and Unusual punishment; Battery; Assault; Intentional Infliction of emotional harm; Negligent infliction of emotional harm; Negligent hiring, training, supervision and retention;

and Negligence.

## TRIAL BY JURY

3. A trial by jury is hereby demanded.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1343, federal question jurisdiction.

5. ~~Plaintiff seeks to invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims alleged herein.~~

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b) and (c), because it is the judicial district in which the plaintiff and at least one defendant resides; is the district in which a substantial portion of the events occurred; and is the district within the defendant City of New York is subject to personal jurisdiction.

## THE PARTIES

7. That at all times relevant plaintiff MARTIN is an individual who until December 26, 2006 was an inmate in the custody of the defendants and at the location of Riker's Island Jail, George Motchan Detention Center, 15-15 Hazen St., East Elmhurst, N.Y. 11370 in Dorm 14 of Unit C-73.

8. That at all times relevant, Captain Luis Matos, Captain Jose Vasquez, Deputy Sammie McCovey, Officer Victor Rivera and Officer Kimberly Gannaway (hereinafter collectively referred to as "OFFICERS"), are believed to be citizens of the State of New York, residing in the State of New York, and at all times

relevant, are believed to still be, duly appointed and employed members of the New York City Department of Corrections in the capacity of officers, they are sued herein in their individual and official capacities.

9. That at all times relevant, the defendant Department of Corrections (hereinafter "DOC") is, and was, a New York City governmental agency duly authorized and maintained by the defendant City of New York (hereinafter "CITY"), with the sole power and authority concerning the care, custody and control of all court pens for the detention of prisoners while in the criminal courts of the city of New York. At all times relevant herein Martin F. Horn was the duly appointed Commissioner of the agency.

## FACTS

10. On January 16, 2006, at approximately 1:50pm plaintiff MARTIN was in Dorm 14 of Unit C-73 in George Motchan Detention Center on Riker's Island. During such time, defendant OFFICERS entered the dormitory and began performing a strip search on all inmates, including MARTIN.

11. Following this strip search, upon information and belief, defendant OFFICER Captain Luis Matos, without provocation, sprayed plaintiff MARTIN in both eyes with mace.

12. Upon information and belief, thereinafter defendant OFFICER Captain Jose Vasquez, without provocation, struck plaintiff MARTIN with his fist causing MARTIN to be knocked to the ground.

13. Thereinafter, defendant OFFICERS engaged in excessive force by repeatedly

striking plaintiff MARTIN with their hands, legs, batons and hand radios. These actions were undertaken within the scope of the Officers' employment as New York City Department of Corrections Officers.

14. Plaintiff MARTIN was restrained by defendant OFFICERS by handcuffs and leg shackles. Following this restraint, the defendant OFFICERS continued to use excessive force on plaintiff MARTIN by striking him repeatedly.

15. The defendant OFFICERS knew or should have known that there was no reasonable basis for the use of such force and no prudent officer could and/or would have reasonably believed that such force was necessary.

16. These actions were part of a municipal policy, practice and/or custom that so deprived Plaintiff of his Constitutional rights.

17. As a result of defendants actions, plaintiff MARTIN suffered extreme and severe physical and emotional pain and harm. His injuries included, inter alia, fracture of his right wrist, bruising and swelling of his left wrist, swelling and wounds on his head, severe cut above left eye and left eye and left eye swollen shut, bruising on abdomen and rib area, severe pain and ultimately a loss of tooth, trouble breathing, and severe pain and redness of both eyes, all of which caused Plaintiff to remain hospitalized for almost 12 hours, unable to use right wrist for over a month, suffer continuous pain, discomfort, limitations and emotional distress.

**NOTICE OF CLAIM**

18. All administrative and statutory prerequisites to bringing this action have been waived and/or satisfied.

19. On or about April 6, 2006 and within 90 days after the claim arose, plaintiff caused a Notice of claim to be duly served upon defendant CITY. More than 30 days have elapsed since the demand and/or claim upon which this action is predicated was presented to the CITY, and it has failed and refused to pay and/or adjust the claim within the statutory period of time.

20. This action is timely.

## AND FOR THE FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS PURSUANT TO 42 U.S.C §1983

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. Throughout the events recited herein the Defendants, while acting under the color of law, subjected Plaintiff to the deprivation of his constitutionally protected rights, privileges, and immunities under the 8th Amendment to the Constitution of the United States of America to be free from unreasonable and excessive force and cruel and unusual punishment.

23. The Defendants at all times herein and in both their official and individual capacities were state actors. Defendants' actions were taken under the color of State law. The Defendant officers, officials and public entities knew or should have known that this conduct was contrary to well established and incontrovertible constitutional law and principles and statutory rights.

24. These acts taken by the Defendants were wrongful, reckless, intentional, willful, malicious, excessive and taken in bad faith with intent to harm and harass the plaintiff.

25. These actions were part of a municipal policy, practice and/or custom that so deprived Plaintiff of his Constitutional rights.

26. As a result of the above described conduct by Defendants, Plaintiff has been harmed, due to the suffering of severe and extreme physical and emotional harm, pain and distress, shock, as well as humiliation, health care expenses and general impairment of physical and mental health and well being.

27. Accordingly, pursuant to 42 U.S.C. §1983, Plaintiff is entitled to receive from Defendants the damages suffered as a result of the above described conduct, in an amount to be determined by the trier of fact.

### AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR BATTERY

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. As a result of the foregoing, plaintiff was without just cause or provocation, maliciously, recklessly, and /or intentionally battered, physically abused, causing severe and serious injury to Plaintiff. Upon information and belief, the aforementioned actions of Defendant OFFICERS were done with the intent to cause harm to Plaintiff MARTIN.

30. The Defendant OFFICERS, individually and/or in their official capacity, and the defendants CITY and DOC vicariously, by and through their agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, and/or intentionally battered, and physically abused plaintiff causing severe and serious injury to Plaintiff. The defendant OFFICERS could not and/or did not

reasonably believe that the force used was necessary.

31. The occurrence and injuries sustained by Plaintiff were caused solely by the malicious, reckless, and/or intentional conduct of the Defendants, individually, and/or vicariously, by and through their agents, servants and/or employees, without just cause or provocation on the part of the Plaintiff. Such actions resulting in the injuries were within the scope of defendant OFFICERS employment.

32. As a result of the foregoing, Plaintiff MARTIN has been damaged in an amount to be determined by the trier of fact.

### AS AND FOR A THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR ASSAULT

33. Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34. As a result of the foregoing, Defendant OFFICERS, individually and/or in their official capacity, and the defendants CITY and DOC vicariously, by and through their agents, servants and/or employees, placed plaintiff MARTIN in apprehension of imminent harmful and offensive contact, thereby committing an assault upon him.

35. As a result of the foregoing, Plaintiff MARTIN has been damaged in an amount to be determined by the trier of fact

### AS AND FOR A FOURTH CLAIM AGAINST ALL DEFENDANTS FOR INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL HARM

36. Plaintiff repeats and realleges paragraphs 1 through 35 as if fully set forth herein.

37. As a result of the foregoing, Defendants individually and/or vicariously, by and through their agents, servants and/or employees intentionally, wantonly, recklessly, carelessly and/or negligently engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society thereby inflicting mental and emotional distress upon plaintiff.

38. As a result of the foregoing, Plaintiff MARTIN has been severely damaged in an amount to be determined by the trier of fact.

### AS AND FOR A FIFTH CLAIM FOR NEGLIGENT HIRING AND RETENTION AGAINST DEFENDANT CITY AND DOC

39. Plaintiff repeats and realleges paragraphs 1 through 38 as if fully set forth herein.

40. Defendants CITY and DOC, by and through their agents, servants and/or employees, carelessly, negligently and recklessly hired applicants for the position of Correction Officer, Deputy and Captain, including the Defendant OFFICERS.

41. Defendants CITY and DOC, by and through their agents, servants and/or employees, carelessly, negligently and recklessly trained the OFFICERS named herein.

42. Defendants CITY and DOC, by and through their agents, servants and/or employees, carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of its Officers, particularly those of the

Defendant OFFICERS.

43. Defendant City, by and through their agents, servants and/or employees, carelessly, negligently and recklessly retained in its employ, DOC officers clearly unfit for the position who acted in an illegal, unprofessional, negligent, and/or deliberate manner in carrying out their official duties and/or responsibilities, particularly the Defendant OFFICERS.

44. That on or about January 16, 2006, at or about 1:30pm, the Defendants CITY and DOC, by and through their agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, negligently and/or intentionally assaulted, battered, physically abused, Plaintiff MARTIN, causing serious and severe personal injury as described above.

45. The occurrence and injuries sustained by Plaintiff MARTIN, were caused solely by, and as a result of the malicious, reckless, negligent and/or intentional conduct of the Defendants CITY and DOC, its agents, servants and/or employees as set forth above, without any provocation or reasonable provocation, on the part of the plaintiff contributing thereto, specifically, the negligent and reckless manner in which said Defendants hired, trained, supervised, controlled, managed, maintained, inspected and retained its correction officers and respective departments, and the negligent and reckless manner in which said defendant permitted and authorized corrections officers to deploy mace and use batons and hand held radios as weapons.

46. As a result of such conduct the plaintiff suffered severe pain and discomfort, and

severe emotional distress in an amount to be determined by the trier of fact.

### AS AND FOR A SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR NEGLIGENCE

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48. As a result of the foregoing, Plaintiff was, without just cause or provocation, injured through the negligence and/or gross negligence and/or recklessness of defendants individually, and/or vicariously, by and through their agents, servants and/or employees.

49. The occurrence and injuries sustained by Plaintiff, were caused solely by the negligent and/or gross negligent and/or reckless conduct of the Defendants, individually, and/or vicariously, by and through their agents, servants and/or employees, they failed to exercise the degree of care which would reasonably be required of officers and officials, under similar circumstances. These actions were part of defendants CITY and DOC policy, practice and/or custom that so deprived Plaintiff MARTIN of his Constitutional rights.

50. The amount and type of physical force used upon Plaintiff by Defendants, individually and/or vicariously, by and through their agents, servants and/or employees, was excessive, unnecessary, improper, not reasonably justified and negligently, and/or grossly negligently, and recklessly applied.

51. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined by the trier of fact.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff MARTIN respectfully demands judgment:

1. Awarding Plaintiff MARTIN the compensatory damages sought herein in an amount to be determined by the trier of fact on each of the Causes of Action herein.

2. Awarding Plaintiff punitive damages in an amount to be determined by the trial of fact on each of the Causes of Action herein

3. Awarding Plaintiff attorney's fees, and the reasonable costs and expenses of this action; and

4. Granting Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
November 6, 2007

Robert M. Simels, P.C.

By: Arienne J. Irving (AI 4453)
1735 York Avenue, Suite 35C
New York, New York 10128
Tel: 212.629.3900