UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JAMES MARTIN,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTION, CAPTAIN LUIS MATOS, Shield #856, CAPTAIN JOSE VASQUEZ, Shield #300, DEPUTY SAMMIE MCCOVEY, ADW #100, OFFICER VICTOR RIVERA, Shield #4337 and OFFICER KIMBERLY GANNAWAY, Shield # 1027,

                        Defendants.

------------------------------------------------------------------------x

**ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK, CAPTAIN LUIS MATOS, CAPTAIN JOSE VASQUEZ, OFFICER SAMMIE MCCOVEY, OFFICER VICTOR RIVERA AND OFFICER KIMBERLY GANNAWAY TO PLAINTIFF'S AMENDED COMPLAINT**

07 CV 2996 (AKH)

**JURY TRIAL DEMANDED**

        Defendants City of New York, Captain Luis Matos, Captain Jose Vasquez, Officer Sammie McCovey, Officer Victor Rivera and Officer Kimberly Gannaway by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, respectfully allege, upon information and belief, as follows.

        1. Deny the allegations set forth in paragraph "1" of the Amended Complaint.

        2. Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to bring this action as set forth therein.

        3. Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to demand a jury trial as set forth therein.

        4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        5. Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

6. Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Amended Complaint.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that Captain Luis Matos, Captain Jose Vasquez, Officer Sammie McCovey, Officer Victor Rivera and Officer Kimberly Gannaway were employed by the City of New York as Correction Officers.

9. Deny the allegations set forth in paragraph "9," except admit that Martin F. Horn is Commissioner of the New York City Department of Correction and respectfully refer the Court to the New York City Charter for the relationship between the City and New York City Department of Correction.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that on or about January 16, 2006, at approximately 1:50 p.m., plaintiff was in Dorm 14 of Unit C-73 in George Motchan Detention Center on Riker's Island.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Amended Complaint.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint..

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that on or about April 6, 2006, a document purporting to be a Notice of Claim was received by the Comptroller's Office and that the claim has not been resolved.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21. In response to the allegations set forth in paragraph "21" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "20" of this answer as if fully set forth herein..

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. In response to the allegations set forth in paragraph "28" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. In response to the allegations set forth in paragraph "33" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36. In response to the allegations set forth in paragraph "36" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "35" of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. In response to the allegations set forth in paragraph "39" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "38" of this answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

41. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47. In response to the allegations set forth in paragraph "47" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "46" of this answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

57. The Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

58. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

59. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

60. At all times relevant to the acts alleged in the Amended Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

61. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and or the intervening culpable or negligent conduct of others and was not the proximate result of any act of the defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

62. Plaintiff has failed, in whole or in part, to comply with the conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

63. Punitive damages are not available against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

64. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65. At all times relevant to the incident, the duties and functions of the municipal defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

66. At The New York City Department of Correction is a non-suable entity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

*67.* Any force utilized by any correction officer was justified and *de minimus.*

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

*68.* Plaintiff may not have exhausted all administrative remedies available to him.

**WHEREFORE**, defendants City of New York, Captain Luis Matos, Captain Jose Vasquez, Officer Sammie McCovey, Officer Victor Rivera and Officer Kimberly Gannaway request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          January 22, 2008

          MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for defendants City of New York, Captain Luis Matos, Captain Jose Vasquez, Officer Sammie McCovey, Officer Victor Rivera and Officer Kimberly Gannaway
100 Church Street
New York, New York 10007
(212) 442-0832

By:    /s/ Hugh A. Zuber
      Hugh A. Zuber (HZ 4935)
      Assistant Corporation Counsel

*To:*    Arienne Jill Irving, Esq.
      Robert Simels, P.C.
      Attorney for Plaintiff
      1735 York Avenue
      Suite 35C
      New York, NY 10128

07 CV 2996 (AKH)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JAMES MARTIN,<br><br>             Plaintiff,<br><br>       -against-<br><br>THE CITY OF NEW YORK, et al.,<br><br><br>             Defendants. |
| **ANSWER OF DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for defendants City of New York,*<br>*Captain Luis Matos, Captain Jose Vasquez,*<br>*Officer Sammie McCovey, Officer Victor*<br>*Rivera and Officer Kimberly Gannaway*<br>*100 Church St.*<br>*New York, N.Y. 10007*<br>*Of Counsel: Hugh A. Zuber*<br>*Tel: (212) 442-0832* |
| *Due and timely service is hereby admitted .*<br><br>*New York, N.Y.  ........................................ , 2008.*<br><br>*....................................................................... Esq.*<br><br>*Attorney for .........................................................* |