# Robert M. Simels, P.C.

*Counsellors at Law*

1735 York Avenue
Suite 35C
New York, New York 10128

RECEIVED APR 21 2008 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/08

Tel. 212-369-3900
Fax: 212-369-4516

E-Mail: robert@simelslaw.com
Website: www.simelslaw.com

April 21, 2008

**via facsimile (212-805-7942)**

Hon. Alvin K. Hellerstein
US District Court, SDNY
500 Pearl Street
New York, New York 10007

**RE: *James Martin v. The City of New York, et al.*, Case# 07-CV-2996**

Dear Judge Hellerstein,

I represent the plaintiff in the above referenced matter, and am writing to inform the court of the status of discovery and, further, to request that an immediate conference be scheduled with the Court to discuss same.

On December 21, 2007, this Court set the close of discovery for April 30, 2008. However, there are numerous outstanding discovery issues, discussed in more detail below, that need to be addressed before the close of discovery. Critically, resolution of these issues appear to require this Court's intervention.

- On September 17, 2007 plaintiff served the defendants it's initial disclosure, request for interrogatories, request for production of documents, and notice to take depositions upon oral examination for Captain Matos, Captain Vasquez and Deputy McCovey.

- On October 30, 2007 plaintiff received an initial disclosure form, defendants' first set of interrogatories and request for documents dated October 29, 2007. Also on this date, the plaintiff received a set of documents from the New York City

*[Handwritten note:] The parties should confer with the view of settling their discovery disputes and after conference, alert the Court of any disputed issues, jointly writing to the court pursuant to Individual Rule 2E.*

*4-30-08*

*[signature] A.K. Hellerstein*

**Robert M. Simels, P.C.**

   Department of Corrections.[1]

- On November 8, 2007 plaintiff served all plaintiff's medical records on the defendants.

- On December 14, 2007, following the plaintiff amending the complaint, plaintiff served defendants with responses to defendants interrogatories and document requests, including authorizations to retrieve the plaintiff's various records.

- On January 7, 2008 defendants notified the plaintiff of a new attorney assigned to the case on behalf of corporation counsel, and plaintiff notified new counsel of the outstanding discovery issues.

- On February 27, 2008 plaintiff served additional medical records on the defendants and in a letter again reiterated the outstanding discovery requests.

- After still having not received documentation or a response to plaintiff's interrogatories and document requests, on March 27, 2008 plaintiff served a letter of good faith notifying defendants of the outstanding discovery issues.

- On March 27, 2008 plaintiff served additional notice to take depositions upon oral examination for Officer Gannaway, Captain Jose Vasquez, and Officer Rivera.

- On April 17, 2008 plaintiff deposed Officer Rivera, Captain Vasquez and Captain Matos, despite having no responses to discovery requests and minimal documentation.

- Also on April 17, 2008, at defendants depositions, the defendants served plaintiff a response to plaintiff's document requests in a non-substantive, unmeaningful way, simply objecting to all requests and providing the same poor quality documents received on October 29, 2007.

Defendants' responses to plaintiff's interrogatory requests are still outstanding as of the date of this letter. In addition, defendants responses to plaintiff's document requests are insufficient. Moreover, based on defense counsel's statements during depositions held on April 17, 2008, the Plaintiff is now concerned that he will not receive any such documentation from the defendants.

I am writing informally to the Court as Your Honor has previously addressed discovery issues in this matter. To the extent that this Court determines that a formal motion is more

---

[1] The copies of these documents were of poor quality as backs of pages were missing, and other documents had relevant information cut off making them difficult to read. In addition, these documents were not a complete set of material the Department of Corrections has in relation to this matter.

## Robert M. Simels, P.C.

appropriate, please be advised that I am prepared to file a motion to compel in this matter.

In any event, I respectfully ask that a conference be immediately scheduled to discuss the foregoing. I have spoken with defense counsel regarding scheduling a conference, and he consents to same.

Thank you for your kind consideration in this regard.

Respectfully Submitted,

Arienne J. Irving, Esq.

cc: ACC Hugh Zuber, Esq. (via facsimile)