

**Robert M. Simels, P.C.**
*Counsellors at Law*
1735 York Avenue
Suite 35C
New York, New York 10128

Tel. 212-369-3900
Fax: 212-369-4516

E-Mail: robert@simelslaw.com
Website: www.simelslaw.com

June 25, 2008

*via facsimile (212-805-7942)*

Hon. Alvin K. Hellerstein
US District Court, SDNY
500 Pearl Street
New York, New York 10007

RE: *James Martin v. The City of New York, et al.*, Case# 07-CV-2996

Dear Judge Hellerstein,

Pursuant to Individual Rule 2E, plaintiff's counsel Arienne J. Irving, and defendant's counsel Hugh Zuber jointly write to the Court to present its discovery disputes and request a ruling in relation to same.

PLAINTIFF'S POSITION:

At the status conference held on May 23, 2008 in the above reference matter, this Court stated the defendant, City of New York, was required to turn over all relevant discovery materials in the possession of the New York City Department of Corrections (DOC) in relation to the incident giving rise to this case and investigation into same to the Plaintiff within two weeks from that date, to wit June 6, 2008. As of the date of this letter, the plaintiff has not received any discovery documents or materials from the defendants. As stated to the Court previously, the plaintiff has only received poor quality documents, which have significant information cut off or missing, including names of those who witnessed and those who participated in the incident.[1] In addition, there are, at minimum three (3) videotapes, which the plaintiff has not received. Finally, there are staff medical reports, which are listed on one of the documents received as materials the DOC is relying on in its investigation, which the Plaintiff has not received. This Court stated that should the defendants not provide Plaintiff with such materials in the requisite time period, it would order disclosure of the entire New York City

---

[1] The Plaintiff also has not received a complete copy of his own written statement to DOC, and would be at an unfair disadvantage should he participated in a deposition, without the benefit of reviewing his statement in its entirety.

Department of Corrections file. The Plaintiff is now seeking an order from this Court requiring the defendants to immediately provide the entire file to the Plaintiff. The Plaintiff is unable to move forward with this matter without having received any material discovery from the defendants.

As a response to defendants position, it should be noted the materials the plaintiff is seeking are not those of the Bronx County District Attorney's office, as we are aware an investigation is still pending[2], but only DOC materials. As a note, the defendant is incorrect in its statement as to who is being investigated by the Bronx County District Attorney's Office. In fact, the Bronx DA has indicated to plaintiff and plaintiff's counsel that officers from Riker's Island are under investigation, but would, understandably, not provide specific names at this time. Moreover, the plaintiff met with ADA Jacob Kaplan, the prosecutor handling this matter, and provided a sworn statement specifically after being informed as to the targets of the investigation. My client is not and has never been a target of any investigation in connection with the incident involved in this case.

### DEFENDANTS' POSITION

As per your Honor's Order on May 23, 2008, defendants made the necessary inquiries and requests from the Department of Corrections regarding any potentially outstanding files in its possession. The Department of Corrections attorney liaison, Rosa Lugo, Esq., stated and made clear to this office that the DOC has turned over all documents relevant to this matter that is in its possession, custody and control.

Secondly, in her portion of this letter, plaintiff's counsel refers to outstanding documents not turned over. To clarify, the documents that plaintiff desires are documents that relate to a present and open investigation by the Bronx County District Attorney's office involving several inmates, including James Martin. The investigation is still open because a related criminal matter is open. I have spoken at length with the Bronx Assistant District Attorney in charge of this investigation, James Goward, Esq., and he has told me that any files that relate to that incident will not be turned over to DOC or Corporation Counsel until said investigation is concluded.

Therefore, defendants reiterate that they have complied with the May 23, 2007 Order of the Court and do not have any further documents to turn over at this time. Upon the completion of said investigation, defendants will make available any and all relevant and non-privileged documents from the Bronx County District Attorney's office to plaintiff's counsel.

Third, defendants, once again, have requested that the DOC re-copy its previously turned over file so that this office may update any copies of documents received by the plaintiff that were cut off or missing.

---

[2] Plaintiff's counsel has had numerous discussions with ADA Jacob Kaplan and has been informed the delay in the investigation is due to the failure to locate a particular inmate witness, in order to receive his sworn testimony.

Lastly, as I explained to plaintiff's counsel, this office is making copies of three videotapes that relate to this incident and should be able to turn them over within 5 business days. Additionally, I have told plaintiff's counsel that upon receiving clearance from the facility in question, the parties can examine the site of the incident at a date and time convenient for the DOC, the plaintiff and this office.

Thank you for your kind consideration in this regard.

Respectfully Submitted,

Arienne J. Irving, Esq.
*Attorney for the Plaintiff*

Hugh Zuber, Esq.
*Attorney for the Defendants*

06-25-2008 08:16am From-ROBERT M SIMELS P,C, 2123694516 T-796 P.004/004 F-669

Case 1:07-cv-02996-AKH   Document 31   Filed 06/25/2008   Page 3 of 3